FILED

**NOT FOR PUBLICATION**

OCT 27 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re JIM L. SHETAKIS DISTRIBUTING CO., dba Shetakis Wholesalers, Inc., <br><br> Debtor. <br> _____ <br><br> HUNT, ORTMANN, BLASCO, PALFFY & ROSSELL, INC., a California corporation, <br><br> Appellant, <br><br> v. <br><br> JIM L. SHETAKIS DISTRIBUTING CO., a Nevada corporation, dba Shetakis Wholesalers, Inc.; et al., <br><br> Appellees. | No. 09-15944 <br><br> D.C. No. 2:08-cv-00832-RLH-GWF <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Chief District Judge, Presiding

Argued and Submitted October 7, 2010
San Francisco, California

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: KLEINFELD and GRABER, Circuit Judges, and CARNEY,[**] District Judge.

Appellant Hunt, Ortmann, Blasco, Palffy & Rossell, Inc. ("Hunt Ortmann"), a creditor, appeals the district court's decision affirming the bankruptcy court's grant of summary judgment in an adversary proceeding arising from the re-opened Chapter 11 bankruptcy case of Appellee Jim L. Shetakis Distributing Co., dba Shetakis Wholesalers, Inc. ("Shetakis"). In the adversary proceeding, Hunt Ortmann sought to recover a lease and option to purchase a property that Shetakis, the debtor, had transferred to Appellee NV Lease Option, LLC ("NVLO"), prior to the bankruptcy court's confirmation of the reorganization plan. Hunt Ortmann sought a declaration that the transfer was void because it was made without the notice and hearing required by 11 U.S.C. § 363(b)(1) or, alternatively, to set aside the transfer under 11 U.S.C. § 549.[1] We review the bankruptcy court's grant of summary judgment de novo and any of its factual findings for clear error. *Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.)*, 503 F.3d 933, 940 (9th Cir. 2007). We affirm.

---

[**] The Honorable Cormac J. Carney, United States District Judge for the Central District of California, sitting by designation.

[1] Unless otherwise noted, all statutory references are to the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532.

The bankruptcy court correctly determined that Shetakis' transfer of the lease and option to NVLO was voidable, rather than void. Unauthorized transfers of property initiated by the debtor are voidable by the trustee under § 549. Such transfers are not void like transfers of the debtor's property by creditors or other third parties. *Burkart v. Coleman (In re Tippett)*, 542 F.3d 684, 691–92 (9th Cir. 2008). The automatic stay provisions of § 362 void transfers of the debtor's property by creditors and other third parties in order to protect the debtor from all collection efforts while it attempts to regain its financial footing. *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 572 (9th Cir. 1992). Such protection is obviously not necessary for transfers initiated by the debtor itself. *See Tippett*, 542 F.3d at 691.

The bankruptcy court also correctly determined that Hunt Ortmann's claim to avoid the transfer of the lease and option under § 549 was barred by the two-year statute of limitations. It was undisputed that Shetakis transferred the lease and option to NVLO in March 2001 and that Shetakis' bankruptcy case was closed in July 2002. Section 549 required Hunt Ortmann to assert its claim to avoid the transfer within two years of the transfer or before the close of the bankruptcy case, whichever was earlier. *See* 11 U.S.C. § 549(d). Hunt Ortmann, however, did not bring its claim until July 2007. This was several years too late.

Finally, the bankruptcy court correctly concluded that the two-year statute of limitations was not equitably tolled until November 2006, when Hunt Ortmann claimed that it finally knew enough about the transfer to NVLO and its implications to bring its adversary proceeding. It was undisputed that by November 2004 Hunt Ortmann knew about Shetakis' bankruptcy and Shetakis' transfer of the lease and option to NVLO, because its own lawyer asked questions about these issues in a deposition of Shetakis' Chief Financial Officer. Despite this knowledge, Hunt Ortmann did nothing to investigate the transfer for almost three years. A party cannot invoke equitable tolling when it fails to investigate its claim in a reasonable, diligent manner. *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 946 (9th Cir. 2009). Had Hunt Ortmann acted with reasonable diligence in November 2004, it would have discovered that Shetakis improperly transferred the lease and option without notifying the bankruptcy court. The two-year statute of limitations is not tolled beyond November 2004, so the district court properly determined that Hunt Ortmann's July 2007 action to set aside the transfer is time-barred.

AFFIRMED.

4