**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| PATRICK LOWTHER, individually and on behalf of all others similarly situated,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>U.S. BANK, U.S. Bank National Association as Trustee under Pooling and Servicing Agreement dated as of December 1, 2006 Mastr Asset Backed Securities Trust 2006-HE5 Mortgage Pass-Through Certificates  Series 2006-HE5 and DOE DEFENDANTS, 1-50,<br><br>    Defendants-Appellees. | No. 14-16345<br><br>D.C. No.<br>1:13-cv-00235-LEK-BMK<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted October 11, 2017
Honolulu, Hawaii

Before:  SCHROEDER, D.W. NELSON, and McKEOWN, Circuit Judges.

---

   [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Patrick Lowther ("Lowther" or "Appellant") appeals the district court's rulings dismissing with prejudice the wrongful foreclosure-based claims he asserted against U.S. Bank, N.A. ("U.S. Bank" or "Appellee"). We have jurisdiction under 28 U.S.C. § 1291, and we **AFFIRM**.

1. Lowther's claim for wrongful foreclosure fails because as a borrower, he was "neither . . . a party to nor a beneficiary of the assignment and transfer" at issue and therefore "lacks standing" to bring suit on this basis. *Brodie v. Nw. Tr. Servs., Inc.*, 579 F. App'x 592, 593 (9th Cir. 2014); *see also Velasco v. Sec. Nat'l Mortg. Co.*, 823 F. Supp. 2d 1061, 1067 (D. Haw. 2011) ("[A]s strangers to the Assignment and without any evidence or reason to believe that they are intended beneficiaries of that contract, Plaintiffs may not dispute the validity of the Assignment."). Even assuming he had standing, his wrongful foreclosure claims would still fail. The record establishes U.S. Bank lawfully acquired Lowther's loan through a series of transfers and was therefore entitled to proceed with foreclosure. *See Bank of Am., N.A. v. Reyes-Toledo*, 390 P.3d 1248, 1254 (Haw. 2017). That his lender, New Century Mortgage Corporation ("New Century"), may have transferred his note while in bankruptcy proceedings, without permission from the Liquidation Trustee, does not void the transfer, as he claims. Such transfers are merely "voidable by the trustee," not void as a matter of law. *In re*

2

*Jim L. Shetakis Distrib. Co.*, 401 F. App'x 249, 251 (9th Cir. 2010) (citing *Burkart v. Coleman*, 542 F.3d 684, 691–92 (9th Cir. 2008)).

2. As Lowther premises his claim for unfair or deceptive acts and practices ("UDAP"), Haw. Rev. Stat. § 480-2, on the same allegations on which he bases his wrongful foreclosure claim, his UDAP claims also fail under Hawaii law.

3. As for Lowther's claim for intentional interference with prospective business advantage ("IIPEA"), the district court correctly dismissed it because Lowther failed to allege "the existence of a valid business relationship or a prospective advantage." *Haw. Med. Ass'n v. Haw. Med. Serv. Ass'n*, 148 P.3d 1179, 1218 (Haw. 2006) (citations omitted).

**AFFIRMED**.