# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| ROCIO TRUJILLO, an unmarried woman, | ) ) ) ) | No. 70592-0-I |
| | ) | DIVISION ONE |
| Appellant, | ) ) | |
| v. | ) ) | |
| NORTHWEST TRUSTEE SERVICES, INC., a Washington corporation, | ) ) ) | PUBLISHED |
| | ) | FILED: June 2, 2014 |
| Respondent, | ) ) | |
| WELLS FARGO, NA, | ) ) | |
| Defendant. | ) ) | |

Cox, J. — The question that we decide is whether the successor trustee under a deed of trust securing a delinquent note in this case breached its duty of good faith under the Deeds of Trust Act, RCW 61.24.010(4).[1] Specifically, we decide whether Northwest Trustee Services Inc. (NWTS), the successor trustee, was entitled to rely on the beneficiary declaration of Wells Fargo Bank, N.A. for authority to schedule a trustee's sale of property owned by Rocio Trujillo. We hold that the declaration satisfies the requirements of RCW 61.24.030(7)(a). Under the circumstances of this case, NWTS was entitled to rely on that

---

[1] Brief of Appellant (Oct. 7, 2013) at 7.

declaration as evidence of the proof required under this statute. NWTS did not violate its duty of good faith under the Deeds of Trust Act.

The trial court properly granted NWTS's CR 12(b)(6) motion to dismiss. We affirm.

The material facts are not disputed. In 2006, Trujillo obtained a loan for $185,900 from Arboretum Mortgage Corp. This loan was evidenced by a promissory note that was secured by a deed of trust dated March 29, 2006 encumbering her real property.[2] The deed of trust was recorded in King County, Washington on March 31, 2006.[3]

Trujillo claims that Arboretum sold this loan to Wells Fargo in 2006.[4] She further claims that Wells Fargo sold the loan to the Federal National Mortgage Association ("Fannie Mae") and retained the loan servicing rights.[5]

This record reflects that the deed of trust was assigned to Wells Fargo from Arboretum by the Assignment of Deed of Trust dated February 2, 2012.[6] The assignment was recorded in King County, Washington on February 2, 2012.[7]

---

[2] Clerk's Papers at 17.

[3] Id.

[4] Brief of Appellant at 6.

[5] Id.

[6] Clerk's Papers at 35.

[7] Id.

Trujillo admits that she "defaulted on [her loan] on November 1, 2011."[8]

By its beneficiary declaration dated March 14, 2012, delivered to NWTS, Wells Fargo declared under penalty of perjury that Wells Fargo "is the actual holder of the promissory note . . . evidencing the [delinquent Trujillo] loan or has requisite authority under RCW 62A.3-301 to enforce said [note]."[9]

The Notice of Default dated May 30, 2012, which NWTS transmitted to Trujillo, itemized the amounts in arrears for the delinquent loan.[10] Moreover, the notice provided to Trujillo contained certain contact information for her delinquent loan.[11] Specifically, this notice states, "The owner of the note is Federal National Mortgage Association (Fannie Mae)," and it further provides Fannie Mae's address.[12] The same page of this notice states, "The loan servicer for this loan is Wells Fargo Bank, N.A.," and it further states Wells Fargo's address.[13]

NWTS recorded the Notice of Trustee's Sale dated July 3, 2012.[14] The notice was recorded on July 10, 2012, and it scheduled a sale date of November

---

[8] Plaintiff Trujillo's Complaint Against Foreclosure in Violation of Washington Deed of Trust Act at 3; Brief of Appellant at 6.

[9] Clerk's Papers at 36.

[10] Id. at 37-39.

[11] Id. at 38.

[12] Id.

[13] Id.

[14] Id. at 41-44.

9, 2012 for Trujillo's property.[15] Although this record does not tell us, we assume that sale did not occur, as originally scheduled. We reach this conclusion because this action followed that November 2012 scheduled sale date.

In February 2013, Trujillo, acting pro se, commenced this action against NWTS and Wells Fargo. She claimed that NWTS and Wells Fargo violated various provisions of the Deeds of Trust Act. She also claimed violations of the Criminal Profiteering Act and the Consumer Protection Act. She sought damages for these alleged violations as well as for claimed intentional infliction of emotional distress. Moreover, she sought injunctive relief to restrain the successor trustee's sale of her property as well as an award of attorney fees.

NWTS moved to dismiss Trujillo's complaint pursuant to CR 12(b)(6). The trial court granted this motion and dismissed with prejudice her claims against NWTS. From this record, it appears that the trial court allowed separate claims against Wells Fargo to stand unaffected by the court's decision on this NWTS motion.[16]

Trujillo appeals. Wells Fargo is not a party to this appeal.[17]

## STANDARD OF REVIEW

Trujillo argues that we should review the trial court's order as a summary judgment order under CR 56(c). NWTS argues that the trial court's order should be reviewed as a dismissal under CR 12(b)(6). We agree with NWTS.

---

[15] Id. at 41-42.

[16] Report of Proceedings (May 31, 2013) at 20-21.

[17] Notice of Appeal at 1.

In Cutler v. Phillips Petroleum Co., the supreme court explained that courts should "dismiss a claim under CR 12(b)(6) only if it appears beyond a reasonable doubt that no facts exist that would justify recovery."[18] "'Under this rule, a plaintiff's allegations are presumed to be true', and 'a court may consider hypothetical facts not part of the formal record.'"[19] "CR 12(b)(6) motions should be granted 'sparingly and with care' and 'only in the unusual case in which plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'"[20]

CR 12(b)(6), in part, provides:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross claim, or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted . . . . A motion making any of these defenses shall be made before pleading if a further pleading is permitted. . . . If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief. ***If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by rule 56.***[21]

---

[18] 124 Wn.2d 749, 755, 881 P.2d 216 (1994).

[19] Id.

[20] Id. (quoting Hoffer v. State, 110 Wn.2d 415, 420, 755 P.2d 781 (1988)).

[21] (Emphasis added.)

5

A trial court's ruling on a motion to dismiss for failure to state a claim upon which relief can be granted under CR 12(b)(6) is a question of law and is reviewed de novo by an appellate court.[22]

In contrast, under CR 56(c), a party may move for summary judgment if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. A trial court's grant of summary judgment is also reviewed de novo.[23]

An appellate court treats a motion to dismiss as a motion for summary judgment "when matters outside the pleading are presented to and not excluded by the court."[24] But as the rule and case authority plainly indicate "[d]ocuments whose contents are alleged in a complaint but which are not physically attached to the pleading may . . . be considered in ruling on a CR 12(b)(6) motion to dismiss."[25] Correspondingly, where matters outside the pleadings are not considered by the court, the motion is not treated as one for summary judgment.[26]

---

[22] Cutler, 124 Wn.2d at 755.

[23] Aba Sheikh v. Choe, 156 Wn.2d 441, 447, 128 P.3d 574 (2006).

[24] Sea-Pac Co., Inc. v. United Food and Commercial Workers Local Union 44, 103 Wn.2d 800, 802, 699 P.2d 217 (1985).

[25] Rodriguez v. Loudeye Corp., 144 Wn. App. 709, 726, 189 P.3d 168 (2008).

[26] Id. at 725.

Additionally, where the "basic operative facts are undisputed and the core issue is one of law," the motion to dismiss need not be treated as a motion for summary judgment.[27]

Here, the trial court entered an order granting NWTS's motion to dismiss under CR 12(b)(6). Because the supporting documents the trial court considered were alleged in the complaint and the "basic operative facts are undisputed and the core issue is one of law," we review the order under CR 12(b)(6), not as a summary judgment under CR 56(c).[28]

## RCW 61.24.030(7)(a)

In her briefing, Trujillo identifies the sole issue on appeal as: Whether NWTS breached its duty of good faith by "recording, transmitting and serving the [notice of trustee's sale] after receiving a declaration from Wells [Fargo] stating that [the bank] was the actual holder of the Note."[29] The essence of the claim that she asserts is that the beneficiary declaration that Wells Fargo signed under penalty of perjury and delivered to NWTS did not satisfy the requirements of RCW 61.24.030(7)(a).[30] We hold that the declaration satisfied this statute.

---

[27] Ortblad v. State, 85 Wn.2d 109, 111, 530 P.2d 635 (1975).

[28] Id.

[29] Brief of Appellant at 7.

[30] Id. at 12-16, 26-27.

"When construing a statute, our goal is to determine and effectuate legislative intent."[31] We first "give effect to the plain meaning of the language used as the embodiment of legislative intent" where possible.[32] "We determine plain meaning 'from all that the Legislature has said in the statute and related statutes which disclose legislative intent about the provision in question.'"[33] "In general, words are given their ordinary meaning, but when technical terms and terms of art are used, we give these terms their technical meaning."[34]

This court reviews de novo questions involving the interpretation of statutes.[35]

The Deeds of Trust Act, specifically RCW 61.24.030, states certain requisites for a trustee's sale for a nonjudicial foreclosure of a deed of trust. The version of this statute that was in effect at the time of commencement of the nonjudicial foreclosure proceeding involving Trujillo's real property in early 2012 stated, in relevant part:

It shall be requisite to a trustee's sale:

. . .

---

[31] Swinomish Indian Tribal Cmty. v. Wash. State Dep't of Ecology, 178 Wn.2d 571, 581, 311 P.3d 6 (2013).

[32] Id.

[33] Id. (internal quotation marks omitted) (quoting TracFone Wireless, Inc. v. Wash. Dep't of Revenue, 170 Wn.2d 273, 281, 242 P.3d 810 (2010)).

[34] Id.

[35] Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9, 43 P.3d 4 (2002).

> (7)(a) That, for residential real property, before the notice of trustee's sale is recorded, transmitted, or served, *the trustee shall have proof that the beneficiary is the owner* of any promissory note or other obligation secured by the deed of trust. A declaration by the beneficiary made under the penalty of perjury stating that the beneficiary is the actual *holder* of the promissory note or other obligation secured by the deed of trust *shall be sufficient proof as required under this subsection.*
>
> (b) Unless the trustee has violated his or her duty under RCW 61.24.010(4), *the trustee is entitled to rely on the beneficiary's declaration as evidence of proof required under this subsection.*[36]

Both the former and current versions of RCW 61.24.030(7)(a) require a trustee or successor trustee to have proof that the beneficiary has authority to enforce a note "secured by the deed of trust" before recording a notice of a trustee's sale.[37] Prior to the 2011 amendments to this statute, there was no such proof requirement.[38]

RCW 61.24.030(7)(a) specifies what proof of authority to enforce such a note "shall be sufficient." Finally, unless the trustee or successor trustee violates his or her duty under RCW 61.24.010(4), he or she is "entitled to rely on the beneficiary's declaration" to satisfy the proof requirement of the statute.[39]

Here, the parties advance conflicting views on how to read and properly apply RCW 61.24.030(7)(a). Trujillo claim that NWTS was required to obtain

---

[36] Former RCW 61.24.030 (Laws of 2011, ch. 58, § 4) (emphasis added).

[37] Compare id., with RCW 61.24.030 (Laws of 2012, ch. 185, § 9); see also RCW 61.24.010(2) (permitting the resignation of a trustee named in a deed of trust and the appointment of a successor trustee).

[38] See former RCW 61.24.030 (Laws of 2009, ch. 292, § 8).

[39] RCW 61.24.030(7)(b).

9

proof from Wells Fargo that it was the "owner" of her delinquent note.[40] She further claims that without such proof the successor trustee was not authorized to record the notice of trustee's sale.[41] This argument is primarily based on the first sentence of this statute, which refers to the beneficiary as the "owner" of the note.

NWTS disagrees with this argument. It argues that Wells Fargo, the beneficiary, was the "holder" of the note and, as such, had the authority to provide the proof required under this statute.[42] This argument is primarily based on the second sentence of the statute, which refers to the beneficiary as the "holder" of the note. NWTS further argues that it both complied with this statute and its duty of good faith under the Deeds of Trust Act. Thus, it claims it was entitled to rely on the beneficiary declaration that Wells Fargo provided.

Commentators have noted that there has been considerable confusion both in judicial decisions and statutes over the distinction between the "owner" of a note and the "holder," who has the right to enforce the note.[43] They have also identified Washington's Deeds of Trust Act as an example of this confusion.[44]

---

[40] Brief of Appellant at 7.

[41] Id.

[42] Opening Brief of Appellee Northwest Trustee Services, Inc. at 5-6.

[43] Dale A. Whitman & Drew Milner, *Foreclosing on Nothing: The Curious Problem of the Deed of Trust Foreclosure without Entitlement to Enforce the Note*, 66 ARK. L. REV. 21, 26 (2013).

[44] Id. at 26 n.23.

Resolution of the conflicting views in this case requires that we determine the legislature's intent in enacting this statute. To determine legislative intent, we focus our inquiry by examining certain key terms of this statute—"beneficiary," "owner," and "holder." In examining these key terms, we determine their plain meanings from what this statute and related statutes say about them.[45] And where these technical terms are used, we give them their technical meanings.[46]

The first of these technical terms in RCW 61.24.030(7)(a) is "beneficiary." There is no dispute in this case that Wells Fargo is the "beneficiary" of the deed of trust securing Trujillo's delinquent note. This record contains the beneficiary declaration of Wells Fargo dated March 14, 2012 that states:

> BENEFICIARY DECLARATION
> (NOTE HOLDER)
> (Executed by Officer of Beneficiary)
>
> . . .
>
> The undersigned, under penalty of perjury declares as follows:
>
> Wells Fargo Bank, NA is the actual holder of the [Trujillo] promissory note . . . or has requisite authority under RCW 62A.3-301 to enforce said obligation.
>
> . . .
>
> [s/ Vice President of Loan Documentation][47]

There is no evidence in this record that contests either the validity or truthfulness of this beneficiary declaration, signed by an officer of Wells Fargo

---

[45] Swinomish Indian Tribal Cmty., 178 Wn.2d at 581.

[46] Id.

[47] Clerk's Papers at 36.

11

under penalty of perjury and delivered to NWTS for the purpose of complying with this statute. Absent conflicting evidence, the declaration should be taken as true.

We note that our conclusion about the status of Wells Fargo is consistent with the supreme court's analysis in Bain v. Metropolitan Mortgage Group, Inc. regarding the Deeds of Trust Act's definition of "beneficiary."[48] As that court held, the beneficiary is "the **holder** of the instrument or document evidencing the obligations secured by the deed of trust, excluding persons holding the same as security for a different obligation."[49] The "instrument . . . evidencing the obligation secured" by the deed of trust is the note in this case.[50] And the Uniform Commercial Code further clarifies that the "'holder'" of the note means "'the person in possession'" of the note.[51]

This record reflects that Trujillo concedes in her pleadings that "as soon as Wells [Fargo] began the foreclosure process, Fannie Mae transferred **possession** of the Note to Wells [Fargo]."[52] This concession is significant in that it is consistent with the beneficiary declaration before us. It is also consistent

---

[48] 175 Wn.2d 83, 98-99, 285 P.3d 34 (2012).

[49] Id. (emphasis added) (quoting RCW 61.24.005(2)).

[50] See id. at 101-03.

[51] Id. at 103-04 (quoting former RCW 62A.1-201(20) (2001)).

[52] Plaintiff Trujillo's Complaint Against Foreclosure in Violation of Washington Deed of Trust Act at 4 (emphasis added).

with Bain's discussion of who constitutes a beneficiary for purposes of the Deeds of Trust Act.

For these reasons, we conclude that Wells Fargo, which states under penalty of perjury, that it is the holder of the note, has provided proof that it is the "beneficiary" of the deed of trust securing the delinquent note for purposes of this statute.

We next consider the technical term "owner" in this statute. The term "owner" is not defined in the Deeds of Trust Act. Likewise, the UCC does not define the term for purposes of Article 3, Negotiable Instruments. Nevertheless, commentators have characterized ownership as "the right to economic benefits of the note."[53]

The UCC does, however, make clear that the "person entitled to enforce" a note is not synonymous with the "owner" of the note. That distinction is explained in UCC Comment 1 to RCW 62A.3-203, which states in relevant part:

. . .

> Although transfer of an instrument might mean in a particular case that title to the instrument passes to the transferee, that result does not follow in all cases. **The right to enforce an instrument and ownership of the instrument are two different concepts.** A thief who steals a check payable to bearer becomes the holder of the check and a person entitled to enforce it, but does not become the owner of the check. If the thief transfers the check to a purchaser the transferee obtains the right to enforce the check. If the purchaser is not a holder in due course, the owner's claim to the check may be asserted against the purchaser. Ownership rights in instruments may be determined by principles of the law of property, independent of Article 3, which do not depend upon whether the instrument was transferred under Section 3-203.

---

[53] Whitman, supra note 43, at 25.

13

> ***Moreover, a person who has an ownership right in an instrument might not be a person entitled to enforce the instrument.*** For example, suppose X is the owner and holder of an instrument payable to X. X sells the instrument to Y but is unable to deliver immediate possession to Y. Instead, X signs a document conveying all of X's right, title, and interest in the instrument to Y. Although the document may be effective to give Y a claim to ownership of the instrument, Y is not a person entitled to enforce the instrument until Y obtains possession of the instrument. No transfer of the instrument occurs under Section 3-203(a) until it is delivered to Y.
>
> . . .[54]

The absence of a definition of "owner" in either the Deeds of Trust Act or the UCC is not fatal to our determination of the effect of that term in RCW 61.24.030(7)(a). We say so for several reasons.

First, the use of different words in the same statute ordinarily means that the legislature did not intend them to mean the same thing.[55] Applying that principle here, we conclude that the legislature intended the words "owner" and "holder" to mean different things. Indeed, as we explained earlier in this opinion, the UCC states that these terms are not synonymous.[56]

Second, the supreme court stated decades ago that although these terms are not synonymous, this does not preclude the possibility that an "owner" of a note may also be its "holder." Where one has the status of both "owner" and "holder," it is the status of holder of the note that entitles the entity to enforce the obligation. Ownership of the note is not dispositive.

---

[54] (Emphasis added.)

[55] Guillen v. Contreras, 169 Wn.2d 769, 776-77, 238 P.3d 1168 (2010).

[56] See UCC Comment 1 to RCW 62A.3-203.

14

The supreme court stated these principles in <u>John Davis & Co. v. Cedar Glen No. Four, Inc.</u>[57] In that case, the supreme court had before it an appeal of a mortgage foreclosure in which John Davis & Company had foreclosed on real property to satisfy delinquent notes of a corporation.[58] James R. Scott and his wife held mortgages against the same property.[59] The superior court decided that the mortgages of John Davis securing the delinquent notes had lien priority over the mortgages held by the Scotts.[60] The Scotts appealed.

On appeal, the Scotts contested the priority of the liens of the John Davis mortgages.[61] They argued that John Davis did not have authority to foreclose the mortgages.[62] This was based on the fact that a corporation other than John Davis had advanced to the borrower the funds for the loans evidenced by the notes that were secured by the mortgages held by John Davis at the time of the foreclosure.[63] The supreme court rejected that contention by stating:

> [John Davis] is the **holder and owner** of the notes and mortgages of the [borrower]. The **holder** of a negotiable instrument may sue thereon in his own name, and payment to him in due course discharges the instrument. See RCW 62.01.051. It is not

---

[57] 75 Wn.2d 214, 450 P.2d 166 (1969).

[58] <u>Id.</u> at 215.

[59] <u>Id.</u>

[60] <u>Id.</u>

[61] <u>Id.</u> at 222.

[62] <u>Id.</u>

[63] <u>Id.</u>

necessary for the *holder* to first establish that he has some beneficial interest in the proceeds.[64]

This passage explains that, at common law, the holder of a note could also be its owner at the same time. In that case, John Davis was both "holder and owner" of the notes, as the court expressly stated in the opinion.

Significantly, the quoted language also makes clear that, at common law, it was the status of holder of the note that was dispositive on the question of who had authority to enforce the note and mortgage. Likewise, payment to the holder discharged the debt evidenced by the note, regardless of ownership. The question of ownership was irrelevant to both enforcement and discharge, as evidenced by the omission of the term "owner" in the above discussion by the supreme court concerning enforcement and discharge.

It is also noteworthy that the supreme court cited former RCW 62.01.051 in support of its analysis in John Davis. The case was decided in 1969, but the events it described occurred before enactment of the UCC in Washington in 1965.

Significantly, the principles of former RCW 62.01.051 were incorporated into Article 3, Negotiable Instruments, when the UCC was enacted in Washington.[65] Specifically, RCW 62A.3-301 now states:

"Person entitled to enforce" an instrument means (i) the *holder* of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to

---

[64] Id. at 222-23 (emphasis added).

[65] See former RCW 62.01.051 (1955).

16

RCW 62A.3-309 or 62A.3-418(d). A person may be a person entitled to enforce the instrument even though the person is not the *owner* of the instrument or is in wrongful possession of the instrument.[66]

The language of subsection (i) of this provision of the current UCC makes clear, as did the John Davis court, that the "holder" of a note is entitled to enforce the note. It also makes clear that a "holder" may enforce the note "even though the [holder] is not the owner" of the note.[67]

We have no reason to conclude that the legislature intended to depart from either the common law, as articulated in John Davis, or the UCC, as articulated in RCW 62A.3-301, in enacting RCW 61.24.030(7)(a) regarding proof of who is entitled to enforce a note that is secured by a deed of trust. The language of the first sentence of RCW 61.24.030(7)(a) could have more clearly stated that a beneficiary who is the owner of a note is not always the holder of the note. The holder is entitled to enforce it. Better still, the legislature could have eliminated any reference to "owner" of the note in this provision because it is the "holder" of the note who is entitled to enforce it, regardless of ownership.

Nevertheless, when we consider the second sentence of this statute, specifying that the beneficiary must be the holder of the note for purposes of proof, together with the case authority and other related statutes we have discussed, we must conclude that the required proof is that the beneficiary must be the holder of the note. It need not show that it is the owner of the note.

---

[66] (Emphasis added.)

[67] RCW 62A.3-301.

We next address the meaning of the technical term "holder." In doing so, we follow the analysis and conclusion set forth by the supreme court in Bain.[68]

There, the supreme court explained that the interpretation of the Deeds of Trust Act should be guided by relevant provisions of the Washington UCC, which include Article 3, Negotiable Instruments, and Article 1, general provisions.[69] RCW 62A.1-201 provides the definition of "holder" of a note:

> (21) "Holder" with respect to a negotiable instrument, means:
>
> (A) The person in **possession** of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession; . . . .[70]

Like the definition for "beneficiary," the definition of "holder" does not include any reference to the term "owner."

Here, as we observed early in this opinion, the record reflects that Wells Fargo had possession of Trujillo's note from the beginning of the foreclosure proceeding.[71] By definition, it is the "holder" of that note.

Moreover, as the beneficiary declaration states, Wells Fargo is also entitled to enforce the note, a negotiable instrument, under RCW 62A.3-301 because it is the "holder of the instrument." RCW 61.24.030(7)(a), properly read, does not require Wells Fargo to also be the "owner" of the note. Rather, it

---

[68] Bain, 175 Wn.2d at 103-04.

[69] Id.

[70] (Emphasis added.)

[71] See Plaintiff Trujillo's Complaint Against Foreclosure in Violation of Washington Deed of Trust Act at 4.

requires that a person entitled to enforce a note be a holder and need not also be an owner.

In sum, the beneficiary declaration in this case is sufficient under RCW 61.24.030(7)(a). Proof that Wells Fargo was the holder of the note was sufficient under this statute.

At oral argument of this case, recently retained appellate counsel for Trujillo made a new argument on appeal. Counsel conceded, as the record reflects, that "as soon as Wells [Fargo] began the foreclosure process, Fannie Mae transferred *possession* of the Note to Wells [Fargo]."[72] Nevertheless, counsel took the position that such possession was not "legal possession of the promissory note as required to be the 'holder' under the UCC, RCW 62A.1-201(b)(21), and to be the 'beneficiary' under the Deed[s] of Trust Act, RCW 61.24.005(2)."[73] In support of this argument, counsel cites the Report of the Permanent Editorial Board for the Uniform Commercial Code dated November 14, 2011 ("Report").[74] Counsel also cites § 18.31 of Washington Practice, "Powers of Collection Agents."[75] Because these authorities have nothing to do with this case, we reject this new argument on appeal.

---

[72] Id. (emphasis added).

[73] Statement of Additional Authorities (April 3, 2014) at 1-2.

[74] Id. (citing REPORT OF PERMANENT EDITORIAL BOARD FOR THE UNIFORM COMMERCIAL CODE, APPLICATION OF THE UNIFORM COMMERCIAL CODE TO SELECTED ISSUES RELATING TO MORTGAGE NOTES 9 n.38 (2011)).

[75] Id. at 2 (citing 18 WILLIAM B. STOEBUCK & JOHN W. WEAVER, WASHINGTON PRACTICE: REAL ESTATE TRANSACTIONS § 18.31, at 364-66 (2d ed. 2004)).

This argument is primarily based on footnote 38 of the Report. That footnote cites UCC § 9-313 and then discusses how possession of collateral may not be relinquished when it is delivered to another person.[76] However, it is vital to understand the context of this footnote. The main text of the Report that is associated with this footnote states:

> Section 9-203(b) of the Uniform Commercial Code provides that *three* criteria must be fulfilled *in order for the owner of a mortgage note effectively to create a "security interest"* (either an interest in the note securing an obligation or the outright sale of the note to a buyer) in it.
>
> . . .
>
> *The third criterion may be fulfilled in either one of two ways.* Either the debtor/seller must "authenticate" a "security agreement" that describes the note *or the secured party must take possession of the note pursuant to the debtor's security agreement.*[77]

Reading footnote 38 in the context of the main text, it is clear that this portion of the Report addresses the criteria for the owner of a mortgage note to create a security interest in that note. One of the ways is for the secured party to take possession of the note.

But that has nothing to do with the nonjudicial foreclosure proceeding that is the subject of this action. That is because the foreclosure proceeding is not based on the creation of a personal property security interest in the note. Rather, the security interest underlying the foreclosure proceeding is the lien created by the deed of trust in the real property securing the note that is in the possession of

---

[76] *See* REPORT OF PERMANENT EDITORIAL BOARD, *supra* note 74, at 9 n.38.

[77] Id. (emphasis added) (footnotes omitted).

Wells Fargo. Thus, UCC § 9-313, which is concerned with security interests in notes, has no bearing on this case.

Another section of the Report makes this point clear:

> Article 3 of the UCC provides a largely complete set of rules governing the obligations of parties on the note, including how to determine who may enforce those obligations and, thus, to whom those obligations are owed.
>
> . . .
>
> UCC Section 3-301 provides only three ways in which a person may qualify as the person entitled to enforce a note, two of which require the person to be in possession of the note (which may include possession by a third party that possesses it for the person):
>
> - The first way that a person may qualify as the person entitled to enforce a note is to be its "holder."[78]

Thus, Article 3, specifically § 3-301, is dispositive on the question of who is entitled to enforce the note. And, as we also previously discussed in this opinion, Bain and other authorities make reference to Article 3 of the UCC appropriate for purpose of the Deeds of Trust Act.[79] There is no authority supporting the proposition that Article 9 of the UCC applies to this nonjudicial foreclosure proceeding. We reject counsel's attempt to use UCC § 9-313 for a purpose for which it was not intended.

The reference to § 18.31 of Washington Practice adds nothing of substance to counsel's new argument. We also reject that reference to the extent it is used to support the argument that possession of the note in this case

---

[78] Id. at 4-5 (footnote omitted).

[79] See Bain, 175 Wn.2d at 103-04; Whitman, supra note 43, at 26 n.23.

is inadequate to establish either the ability to enforce the note or the beneficiary status of Wells Fargo.

For these reasons, counsel's reliance on RCW 62A.9A-313, which addresses security interests in personal property, is wholly unpersuasive.

In the Statement of Additional Authorities dated March 5, 2014, counsel for Trujillo cites In re Meyer.[80] Counsel states that the United States Bankruptcy Court for the Western District of Washington has determined that being an owner of the note is a requirement of RCW 61.24.030(7)(a).[81] That case says no such thing.

Rather, that court expressly stated that it did not have to address the argument that counsel now makes in this case:

> The Meyers argue that a trustee may not rely on a beneficiary declaration executed by anyone other than the beneficiary. Further, they argue that the trustee must have proof, in the words of the statute, that the beneficiary is the "owner" of the note as opposed to the holder of the note. *It is not necessary to address either of these arguments*, however, because the Court concludes that NWTS could not rely on the Beneficiary Declaration because it had no proof that Wells Fargo had authority to execute that declaration on behalf of U.S. Bank.[82]

Thus, Meyer does not provide any support for this new argument.

Counsel also cites Beaton v. JPMorgan Chase Bank, N.A. in a Statement of Additional Authorities dated March 5, 2014 to support the argument that RCW

---

[80] Statement of Additional Authorities (March 6, 2014) at 1 (citing In re Meyer, 506 B.R. 533 (Bankr. W.D. Wash. 2014)).

[81] Id.

[82] Meyer, 506 B.R. at 548 (emphasis added).

22

61.24.030(7)(a) requires proof that the beneficiary must be the "owner" of the note.[83] We decline to follow that decision for several reasons.

There, the federal district court for the Western District of Washington considered whether the successor trustee under a deed of trust in that case violated the Deeds of Trust Act.[84] Specifically at issue was whether proof that the beneficiary is the owner of a note secured by a deed of trust is required by 61.24.030(7)(a).[85] That court held that the beneficiary declaration in that case was deficient because it relied on RCW 62A.3-301 to show authority to enforce the note.[86] According to that court, this was deficient because the beneficiary who provided the declaration "could be a nonholder in possession or a person not in possession who is entitled to enforce the instrument."[87] In short, the court decided that ownership of the note was required.[88]

---

[83] Statement of Additional Authorities (March 6, 2014) at 1 (citing Beaton v. JPMorgan Chase Bank, N.A., 2013 WL 1282225 at *4-5 (W.D. Wash. March 26, 2013)).

[84] Beaton, 2013 WL 1282225, at *4.

[85] Id. at *4-*5.

[86] Id.

[87] Id. at *5.

[88] Id.

First, until now, no state appellate court has decided the meaning of RCW 61.24.030(7)(a). Thus, there has been no authoritative decision on this question of state law.[89]

Second, the Beaton court omitted any analysis of the portion of the beneficiary declaration in that case that expressly stated that the beneficiary was "the actual holder of the promissory note."[90] For the reasons we explained earlier in this opinion, proof of that status is what entitles a beneficiary to enforce a note secured by a deed of trust. Ownership of the note is irrelevant.

Third, the Beaton court also misread RCW 62A.3-301 as an impediment to proof of the right to enforce a note. Properly read, this statute merely clarifies that one entitled to enforce a note may be any of three specified persons:

> (i) the **holder** of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to RCW 62A.3-309 or 62A.3-418(d).[91]

The plain words of this statute also make clear that:

> A person may be a person entitled to enforce the instrument even though the person is not the **owner** of the instrument or is in wrongful possession of the instrument.[92]

For these reasons, we decline to follow the decision in Beaton.

---

[89] See Bain, 175 Wn.2d at 90-91 (certifying questions regarding the Deeds of Trust Act to the Washington State Supreme Court).

[90] See RCW 61.24.030(7)(a).

[91] RCW 62A.3-301 (emphasis added).

[92] Id. (emphasis added).

Counsel also cites <u>Pavino v. Bank of America, N.A.</u> in his Further Statement Re Additional Authority dated May 7, 2014.[93] There, the federal district court for the Western District of Washington stated that there is no "legal authority holding that a 'person entitled to enforce' an instrument within the meaning of RCW 62A.3-301 qualifies as a 'beneficiary' within the meaning of RCW 61.24.005(2)."[94] But in <u>Bain</u>, the supreme court rejected that view.[95] Thus, this argument is not persuasive.

Counsel further argues that "'[t]he rights of *pro se* litigants require careful protection where highly technical requirements are involved, especially when enforcing these requirements might result in a loss of the opportunity to prosecute . . . a lawsuit on the merits.'"[96] He cites <u>Garaux v. Pulley</u> in support of this argument.[97]

There, the court had before it a motion to dismiss.[98] The issue was whether the district court had abused its discretion in applying certain procedural rules relating to the motion.[99] The court held the district court had abused its

---

[93] Further Statement Re Additional Authority (May 7, 2014) at 1 (citing <u>Pavino v. Bank of America, N.A.</u>, 2011 WL 834146 (W.D. Wash. March 4, 2011)).

[94] <u>Pavino</u>, 2011 WL 834146, at *4.

[95] <u>See Bain</u>, 175 Wn.2d at 104.

[96] Supplemental Statement of Additional Authorities (April 29, 2014) at 1 (quoting <u>Garaux v. Pulley</u>, 739 F.2d 437 (1984)).

[97] <u>Id.</u> (citing <u>Garaux v. Pulley</u>, 739 F.2d 437 (1984)).

[98] <u>Garaux</u>, 739 F.2d at 437.

[99] <u>Id.</u> at 439-40.

discretion in applying the rule that disadvantaged a pro se litigant.[100] That is the context in which the Ninth Circuit made the following statement:

> District courts must take care to insure that *pro se* litigants are provided with proper notice regarding the complex procedural issues involved in summary judgment proceedings. We hold that where the non-moving party is appearing *pro se,* the notice requirements of Rule 56(c) must be strictly adhered to when a motion to dismiss under Rule 12(b)(6) is converted into one for summary judgment.[101]

Here, there is no procedural rule that is being applied to disadvantage Trujillo. Rather, we construe the relevant statutes to determine what the laws require. There is no violation of the principle cited in that federal case.

Trujillo makes a number of arguments in her briefs asserting that Wells Fargo must prove that it is the owner of her delinquent note. None are persuasive.

Trujillo argues that the idea that the beneficiary, note holder, and note owner are the same person "permeates" the Deeds of Trust Act.[102] She points to a number of provisions to support this argument.[103] Nothing about these citations undercuts our conclusion that owner and holder are not legally synonymous terms for purposes of this act.

---

[100] Id.

[101] Id.

[102] Reply Brief of Appellant at 4-7.

[103] Id. (citing RCW 61.24.040(2); RCW 61.24.070(2); RCW 61.24.163; RCW 61.24.005(2), (7); RCW 61.24.020).

First, she cites RCW 61.24.040(2) and the language in the notice of foreclosure form.[104] It states, "The attached Notice of Trustee's Sale is a consequence of default(s) in the obligation to . . . . . ., the Beneficiary of your Deed of Trust and owner of the obligation secured thereby."[105] This form is nothing more than that. It does not state the law. Our discussion earlier in this opinion extensively discusses the controlling law. In any event, the statute states that the form need only be "substantially" followed.[106]

Second, Trujillo cites RCW 61.24.070(2), which states who may bid at a trustee's sale.[107] It states, "The trustee shall, at the request of the beneficiary, credit toward the beneficiary's bid all or any part of the monetary obligations secured by the deed of trust."[108] Trujillo argues that this "type of bid would not be possible if the 'beneficiary' of the DOT was not the 'owner' of the debt obligation secured by the DOT."[109] This argument makes no sense. As we made clear earlier in this opinion, the holder of the note is entitled to enforce the note. Bidding at the sale is merely one of the rights to enforce the note. There simply is no requirement that the bidder at the foreclosure sale must be the owner of the note.

---

[104] Reply Brief of Appellant at 5 (citing RCW 61.24.040(2)).

[105] RCW 61.24.040(2) (alteration in original).

[106] Id.

[107] Reply Brief of Appellant at 5-6 (citing RCW 61.24.070(2)).

[108] RCW 61.24.070(2).

[109] Reply Brief of Appellant at 6.

Third, Trujillo cites RCW 61.24.163, which outlines the foreclosure mediation program.[110] Subsection (5) explains the required documents that the beneficiary must transmit to the mediator.[111] These documents include:

> Proof that the entity claiming to be the beneficiary is the owner of any promissory note or obligation secured by the deed of trust. Sufficient proof may be a copy of the declaration described in RCW 61.24.030(7)(a).[112]

This statute's references to the beneficiary declaration in RCW 61.24.030(7)(a) does nothing to undercut the law that the terms "owner" and "holder" are not legal synonyms. We reach this conclusion despite the reference in the above text that mentions "owner" but not "holder."

Trujillo also argues that statements by two senators at a senate and house judiciary committee meeting show that certain legislators believed that the "beneficiary" of a deed of trust should be the "holder" *and* the "owner" of the promissory note.[113] In view of our analysis detailed earlier in this opinion, we reject the argument that these comments by only two legislators show legislative intent contrary to what we discussed previously in this opinion.

In sum, the Wells Fargo beneficiary declaration in this case is sufficient to comply with RCW 61.24.030(7)(a).

---

[110] Id. (citing RCW 61.24.163).

[111] RCW 61.24.163(5).

[112] RCW 61.24.163(5)(c).

[113] Reply Brief of Appellant at 7-11.

## RCW 61.24.030(7)(b)

Trujillo next argues that the requirements of RCW 61.24.030(7)(b) were not met.[114] We disagree.

RCW 61.24.030(7)(b) states:

> Unless the trustee has violated his or her duty under RCW 61.24.010(4), *the trustee is entitled to rely on the beneficiary's declaration as evidence of proof required under this subsection.*[115]

RCW 61.24.010(4) provides that a "trustee or successor trustee has a duty of good faith to the borrower, beneficiary, and grantor."

Here, Trujillo fails to substantiate that there was any breach of any duty by NWTS under RCW 61.24.010(4). Accordingly, NWTS was entitled to rely on this Wells Fargo declaration, as the plain words of the statute provide.

In her Statement of Additional Authorities dated April 3, 2014, Trujillo cites Schroeder v. Excelsior Management Group, LLC and Klem v. Washington Mutual Bank to support her argument that NWTS breached its duty of good faith.[116] While these cases discuss the duty a trustee owes the beneficiary and the debtor, they do nothing to substantiate that NWTS breached its duty of good faith when it relied on this beneficiary declaration. Thus, these cases are not helpful.

---

[114] Id. at 13.

[115] (Emphasis added.)

[116] Statement of Additional Authorities (April 3, 2014) at 1 (citing Schroeder v. Excelsior Mgmt. Group, LLC, 177 Wn.2d 94, 102 n.3, 107, 114, 297 P.3d 677 (2013); Klem v. Wash. Mut. Bank, 176 Wn.2d 771, 788-92, 295 P.3d 1179 (2013)).

## MOTION TO SUPPLEMENT THE RECORD

Trujillo moves to supplement the record pursuant to RAP 9.6(a) with certain documents, some of which have already been authorized by this court. We deny the motion to the extent of the remaining documents.

Trujillo asserts that her response to Wells Fargo's motion for attorney fees and costs and its attachment, a letter from a state senator, are "necessary" because it explains the legislature's intent underlying SB 5191. In SB 5191, the legislature considered but declined to adopt a bill that would have changed the definition of "beneficiary" from its current meaning of "holder" to "owner."[117]

We deny the request to supplement the record with Trujillo's response to Wells Fargo's motion and its attachment. Trujillo's response to Wells Fargo's motion for attorney fees and costs was not before the trial court when it granted NWTS's motion to dismiss. And these materials are not necessary to our decision.

We affirm the order granting NWTS's CR 12(b)(6) motion to dismiss.

Cox, J.

WE CONCUR:

---

[117] See Opening Brief of Appellee Northwest Trustee Services, Inc. at 9-10.

30