**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| DEBORAH A. BRODIE, | No. 13-35023 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00469-TOR |
| v. | |
| NORTHWEST TRUSTEE SERVICES, INC.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted June 4, 2014
Seattle, Washington

Before: McKEOWN and WATFORD, Circuit Judges, and ROTHSTEIN, Senior District Judge.[**]

**1.** The district court properly dismissed Deborah Brodie's wrongful

foreclosure claim because she failed to allege a plausible claim for relief.  Brodie

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Barbara Jacobs Rothstein, Senior District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

concedes that she defaulted on her loan and cannot dispute that the noteholder would be entitled to foreclose. *See Trujillo v. Nw. Tr. Servs., Inc.*, 2014 WL 2453092, at *5–8 (Wash. Ct. App. June 2, 2014). As evidenced by the documents Brodie herself submitted to the district court, U.S. Bank National Association ("U.S. Bank") holds the note as trustee for the WaMu trust. The fact that U.S. Bank chose to act through its authorized agent, JPMorgan Chase Bank, does not alter its right to foreclose and to appoint a successor trustee under the Washington Deed of Trust Act. *See Bain v. Metro. Mortg. Grp., Inc.*, 285 P.3d 34, 45 (Wash. 2012) (en banc). Brodie has not alleged any facts that would have prevented Northwest Trustee Services from relying on U.S. Bank's beneficiary declaration. Under these circumstances, the declaration made under penalty of perjury satisfied Revised Code of Washington § 61.24.030(7)(a). *See Trujillo*, 2014 WL 2453092, at *12–13.

**2.** The district court also correctly concluded that Brodie lacks standing to challenge the transfer and assignment of the note and deed of trust. She is neither a party to nor a beneficiary of the assignment and transfer. Even assuming Brodie has alleged defects in the transfer of the note and deed of trust, she has not alleged facts showing why any of the purported defects would render the assignment void

or otherwise affect the noteholder's right to foreclose. *See, e.g.*, *Bavand v. OneWest Bank, F.S.B.*, 309 P.3d 636, 642–44 (Wash. Ct. App. 2013).

**3.** The district court did not abuse its discretion by denying leave to amend. Brodie had at least two opportunities to substantively amend her complaint. Any further amendment would be futile because U.S. Bank could legally foreclose on her defaulted loan, and Brodie lacks standing to challenge the assignment and transfer of the note and deed of trust. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373–74 (9th Cir. 1990).

**AFFIRMED.**