**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| W. MARK FRAZER; KONILYNN FRAZER,　　　　Appellants,　　v.　DEUTSCHE BANK NATIONAL TRUST COMPANY; NORTHWEST TRUSTEE SERVICES INC.,　　　　Appellees. | No. 12-35884　D.C. No. 3:11-cv-05954-BHS　MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted October 14, 2014**

Before:　　LEAVY, GOULD, and BERZON, Circuit Judges.

Chapter 7 debtors W. Mark Frazer and Konilynn Frazer appeal pro se from

the district court's judgment affirming the bankruptcy court's summary judgment

---

*　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**　　The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissing the Frazers' adversary proceeding against Northwest Trustee Services Inc. We have jurisdiction under 28 U.S.C. § 158(d). We review independently the bankruptcy court's decision without deference to the district court's determinations. *Leichty v. Neary (In re Strand)*, 375 F.3d 854, 857 (9th Cir. 2004). We review de novo the bankruptcy court's conclusions of law and for clear error its factual findings. *Id.* We affirm.

The bankruptcy court properly granted summary judgment to appellee Northwest Trustee Services Inc. because the Frazers introduced no evidence to raise a genuine dispute of material fact as to whether appellee violated the duty of good faith imposed on a trustee. *See Trujillo v. Nw. Tr. Servs., Inc.*, 326 P.3d 768, 774 (Wash. Ct. App. 2014) ("Absent conflicting evidence, the declaration [of a note holder to a trustee] should be taken as true."); *see also* Wash. Rev. Code § 61.24.030(7) (authorizing a trustee to rely on a beneficiary declaration as evidence that a beneficiary is the owner of a note). Contrary to the Frazers' contention, they had ample time to oppose appellee's motion for summary judgment in the bankruptcy court. *See* Bankr. W.D. Wash. R. 9013-1(d)(2)(D) (providing at least 28 days between the filing of a summary judgment motion and the hearing).

We reject the Frazers' contentions concerning fraud and collusion among

appellee Northwest Trustee Services Inc., its legal counsel, Deutsche Bank National Trust Services Company, and Wells Fargo.

We do not consider any documents attached to the Frazers' opening brief that are not part of the district court record. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988).

Northwest Trustee Services Inc.'s motion to take judicial notice of the extrinsic materials submitted with the Frazers' opening brief, filed on February 20, 2013, is denied as unnecessary.

Northwest Trustee Services Inc.'s request that the court permit briefing on attorney's fees and costs, set forth in its answering brief, is denied without prejudice. *See* Fed. R. App. P. 38 (requiring separately filed motion for damages and costs on appeal).

**AFFIRMED.**