
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| W. MARK FRAZER; KONILYNN FRAZER, | No. 12-35502 |
| Appellants, | D.C. No. 3:11-cv-05454-RBL |
| v. | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Morgan Stanley ABS Capital I Inc Trust 2006-NC4 its Successors in Interest, Agents, Assignees and/or Assignors and through its Servicing Agent Wells Fargo Bank N.A.; NORTHWEST TRUSTEE SERVICES INC., | MEMORANDUM[*] |
| Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted October 14, 2014[**]

Before:    LEAVY, GOULD, and BERZON, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Chapter 7 debtors W. Mark Frazer and Konilynn Frazer appeal pro se from the district court's judgment affirming the bankruptcy court's summary judgment dismissing the Frazers' adversary proceeding against Deutsche Bank National Trust Company. We have jurisdiction under 28 U.S.C. § 158(d). We review independently the bankruptcy court's decision without deference to the district court's determinations. *Leichty v. Neary (In re Strand)*, 375 F.3d 854, 857 (9th Cir. 2004). We review de novo the bankruptcy court's conclusions of law and for clear error its factual findings. *Id.* We affirm.

The bankruptcy court properly granted summary judgment to appellee Deutsche Bank National Trust because the Frazers' loan is in default, and appellee had physical possession of the mortgage note indorsed in blank and therefore had the power to enforce the mortgage note. *See* Wash. Rev. Code § 61.24.030(7) (a declaration by the beneficiary stating that the beneficiary is the actual holder of the promissory note or other obligation secured by the deed of trust shall be sufficient proof for nonjudicial foreclosure); *Trujillo v. Nw. Tr. Servs., Inc.*, 326 P.3d 768, 774 (Wash. Ct. App. 2014) (holding that "[a]bsent conflicting evidence, the declaration [of a note holder under Wash. Rev. Code § 61.24.030(7)] should be taken as true").

We reject the Frazers' contentions concerning allegedly inadequate

discovery, alleged due process violations, and claims arising from the pooling and servicing agreement to which they were not parties.

We do not consider any documents attached to the Frazers' opening brief that are not part of the district court record. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988).

The Frazers' motion to strike Deutsche Bank National Trust Company's answering brief, set forth in the Frazers' reply brief, is denied.

The Frazers' motion to remove or disqualify Deutsche Bank National Trust Company's counsel, Lane Powell, PC, and Mr. Spellman, on the basis of Spellman's previous representation, set forth in the Frazers' reply brief, is denied. *See* Wash. R. Prof'l Conduct 1.9(a) (no violation of an attorney's duty to a former client where current representation is not "substantially related" to previous representation).

**AFFIRMED.**