2015 JUL 20 PM 12: 19



IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| DARLENE T. and JOEL HOBBS, )<br>)<br>Appellants, )<br>)<br>v. )<br>)<br>NORTHWEST TRUSTEE SERVICES, )<br>INC.; and WELLS FARGO BANK, NA, )<br>)<br>Respondents. )<br>_____) | No. 71143-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: July 20, 2015 |

BECKER, J. — The actual holder of a note is entitled to enforce it. Because there is no dispute that respondent Wells Fargo Bank NA was the actual holder of the note given by the appellants, summary judgment in favor of Wells Fargo was appropriate. We affirm.

The appellants are Darlene and Joel Hobbs. This appeal arises out of their default on a note owned by the Federal Home Loan Mortgage Corporation (hereinafter "Freddie Mac") and held by Wells Fargo. The respondents began nonjudicial foreclosure proceedings after the Hobbs defaulted. Wells Fargo transmitted a beneficiary declaration to Northwest Trustee Services Inc., stating that Wells Fargo was the "actual holder" of the note and Freddie Mac was the owner. At Wells Fargo's direction, Northwest Trustee issued a notice of trustee's

sale. The Hobbs filed suit to restrain the sale and recover damages from Wells Fargo and Northwest Trustee for violations of the deed of trust act, chapter 61.24 RCW, and the Consumer Protection Act, chapter 19.86 RCW. The court enjoined the sale, subject to the Hobbs making payment required by RCW 61.24.130. The court granted motions for summary judgment made by Wells Fargo and Northwest Trustee on the claims for damages. The Hobbs appeal.

The Hobbs argue that a beneficiary must be both the actual holder and the owner of a note to enforce it. Because Northwest Trustee knew that Wells Fargo was not the owner of the note, the Hobbs maintain that, under RCW 61.24.030(7)(b), Northwest Trustee was not entitled to rely on Wells Fargo's beneficiary declaration. Relying on RCW 62A.9A-313, the Hobbs also argue that Wells Fargo did not have "legal possession" of the note and thus was not the "actual holder" for purposes of RCW 61.24.030(7).

This court persuasively rejected the same arguments in Trujillo v. Northwest Trustee Services, Inc., 181 Wn. App. 484, 510, 326 P.3d 768 (2014), review granted, 182 Wn.2d 1020 (2015). First, the court concluded that "it is the status of holder of the note that entitles the entity to enforce the obligation. Ownership of the note is not dispositive." Trujillo, 181 Wn. App. at 498. Second, the court concluded that Trujillo's "legal possession" argument was based on § 9-313 of the Uniform Commercial Code, a section which is concerned with security interests in notes and is therefore inapplicable to nonjudicial foreclosure proceedings. Trujillo, 181 Wn. App. at 502-04. We adhere to our decision in Trujillo.

Affirmed.

_Becker, J._

WE CONCUR:

_Leach, J._

_____