**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KARL P. LIZZA; et al., | No. 14-16483 |
| Plaintiffs-Appellants, | D.C. No. 1:13-cv-00190-HG-BMK |
| v. | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY and DOE DEFENDANTS, 1-50, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Argued and Submitted October 11, 2017
Honolulu, Hawaii

Before: SCHROEDER, D.W. NELSON, and McKEOWN, Circuit Judges.

Karl P. Lizza, Gary L. Dean, and John J. Mauch ("Lizza Plaintiffs" or

"Appellants") appeal the district court's rulings dismissing with prejudice the

wrongful foreclosure claims they asserted against Deutsche Bank National Trust

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Company ("Deutsche" or "Appellee").  We have jurisdiction under 28 U.S.C. § 1291, and we **AFFIRM**.

1.  Appellants' claims for wrongful foreclosure fail because as borrowers, they were "neither . . . part[ies] to nor . . . beneficiar[ies] of the assignment[s] and transfer[s]" at issue and therefore "lack[] standing" to bring suit on this basis. *Brodie v. Nw. Tr. Servs., Inc.*, 579 F. App'x 592, 593 (9th Cir. 2014).  Even assuming Appellants had standing, their claims that Deutsche used fraudulent and deceptive assignments to foreclose on their properties are meritless.  Here, the record establishes Deutsche lawfully acquired Appellants' loans via various trust agreements and was therefore entitled to proceed with foreclosure.  *See Bank of Am., N.A. v. Reyes-Toledo*, 390 P.3d 1248, 1254 (Haw. 2017).  That Deutsche allegedly failed to record all previous assignments of Appellants' mortgages and that their mortgages may have been assigned when the mortgagee was in bankruptcy proceedings do nothing here to undermine Deutsche's right to foreclose.

2.  As the Lizza Plaintiffs' premise their claim for unfair or deceptive acts and practices ("UDAP"), Haw. Rev. Stat. § 480-2, on the same allegations on which they base their wrongful foreclosure claim, their UDAP claims also fail under Hawaii law.

2

3. The district court correctly dismissed with prejudice the Lizza Plaintiffs' claims for intentional interference with prospective economic advantage ("IIPEA"). As Appellants' conceded below, Hawaii's two-year statute of limitations bars Dean's and Mauch's IIPEA claims. *See* Haw. Rev. Stat. § 657-7. As for Lizza, he has restyled his IIPEA claim for the first time on appeal as one for "intentional harm to property interests." The tort, however, requires the deprivation of or injury to a "legally protected . . . interest." *Giuliani v. Chuck*, 620 P.2d 733, 738 (Haw. Ct. App. 1980) (citation omitted). Here, Lizza failed to state, as a matter of law, a claim for wrongful foreclosure, and has conceded his default on the loan. Under these circumstances, he has failed to state a claim for intentional harm to property interests.

4. Appellants' claims for "unclean hands/tortfeasor conduct against public policy" also fail because they are not cognizable under the law.

5. The district court did not abuse its discretion when it dismissed with prejudice Appellants' claims for wrongful foreclosure, IIPEA, and unclean hands/tortfeasor conduct against public policy. Any amendment would surely have been "futil[e]" and caused "undue delay." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citations omitted).

3

6. The district court also did not abuse its discretion when it struck the Lizza Plaintiffs' Second Amended Complaint for exceeding the scope of amendment permitted in the court's first dismissal order. Fairly read, the district court's order allowed the Lizza Plaintiffs to make more specific the UDAP claims they asserted in their First Amended Complaint in compliance with Federal Rule of Civil Procedure 9(b), not to assert a wholly new theory of liability. Here, the Lizza Plaintiffs violated the district court's order dismissing the First Amended Complaint when they asserted for the first time in their Second Amended Complaint a UDAP claim based on Deutsche's alleged policy of only offering quitclaim deeds in foreclosure sales.

This Court weighs five factors to determine whether a district court abused its discretion in "dismiss[ing] a case for failure to comply with a court order": "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (citations and internal quotation marks omitted).

Save for the factor favoring disposition of cases on their merits, the other four factors weigh in favor of dismissal. As the district court found, this case had

4

been pending for over a year, and Appellants had filed two previous complaints before finally asserting their quitclaim deed theory. The record, however, demonstrates Appellants had every opportunity to add this theory to their First Amended Complaint, and that their counsel was aware of the theory even before the Complaint in this case had been filed. Permitting Appellants to assert their eleventh-hour claim here would undermine the public's interest in expeditious resolution of this case as well as the court's need to manage its docket. It would also prejudice Deutsche with the additional "costs [and] burdens of litigation," as it could have moved to dismiss the quitclaim theory much earlier in the case. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). Finally, the district court here plainly considered less drastic sanctions by "warn[ing] the [Lizza] [P]laintiff[s] of the possibility of dismissal before actually ordering dismissal." *See id.* at 1229 (citation and internal quotation marks omitted). Rather than following the court's order to make their claims more specific, the Lizza Plaintiffs opted to violate that order and assert a new theory of liability. "[L]ate amendments to assert new theories," however, are rejected where, as here, "the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Royal Ins. Co. of Am. v. Sw. Marine*,

5

194 F.3d 1009, 1016–17 (9th Cir. 1999) (citation and internal quotation marks omitted).

Hence, the district court did not abuse its discretion in striking the Second Amended Complaint.

**AFFIRMED.**