[No. 29476-5-III.   Division Three.   March 8, 2012.]

MARY BRYSON BAECHLER, *Appellant*, v MICHELLE BEAUNAUX ET AL., *Respondents*.

*Mary Bryson Baechler*, pro se.

*Melissa P. Fuller*; and *West H. Campbell* (of *Velikanje Halverson PC*), for respondents.

¶1 SWEENEY, J. — This appeal follows the summary dismissal of Mary Bryson Baechler's suit against two veterinarians. Both recommended against further treatment for her horse and that the animal be euthanized. Ms. Baechler claimed that this was malpractice and that their conduct satisfied a number of other causes of action. Ms. Baechler moved to continue arguments on the defendants' motion for summary judgment to depose the veterinarians. The court concluded that no useful information would be gained, refused to continue argument on the motion, and ultimately dismissed her suit. We conclude that the court was well within its discretionary authority to deny her motion to continue the hearing. And we conclude that the court properly granted summary judgment because Ms. Baechler failed to show that any loss was proximately caused by the veterinarians.

## FACTS

¶2 Ms. Baechler breeds horses at her farm in Yakima, Washington. One of her mares became ill. She called Dr. Tony Smith. He came to the farm, examined the horse, and diagnosed the ailment as "spastic" or "spasmodic" colic, a common type of colic. Dr. Smith sedated the horse and said that the horse should be fine. The horse woke up about a half hour later but still showed signs of illness. Dr. Smith again evaluated the horse and this time concluded that it should be euthanized.

¶3 Ms. Baechler asked Dr. Smith if there were other treatment options. She asked if pain medication would make it possible for her to take the horse to Washington State University for evaluation and treatment. Dr. Smith responded that she would not be able to get the horse into

a trailer and the horse would not make it to the hospital. Ms. Baechler eventually said that she understood the horse's condition was fatal. Dr. Smith got some euthanasia drugs from his truck, but Ms. Baechler stopped him from administering the drugs. She said that she needed time to weigh her options. They called the owner of Mapleway Veterinary Clinic, Dr. Michelle Beaunaux. Dr. Smith worked for that veterinary clinic. Dr. Beaunaux agreed with Dr. Smith's diagnosis. She said that they would leave the euthanasia drugs with Ms. Baechler so that the horse could have another hour. Dr. Smith injected the horse with pain medicine and left the euthanasia drugs with Ms. Baechler. Ms. Baechler euthanized the animal about an hour later.

¶4 Ms. Baechler sued for damages and claimed malpractice, outrage, negligent infliction of emotional distress, and violation of the Washington State Consumer Protection Act, chapter 19.86 RCW. Drs. Smith and Beaunaux moved for summary dismissal. Ms. Baechler moved to continue argument to depose Drs. Smith and Beaunaux. But the record here on appeal does not include a motion for continuance or an affidavit in support of any such motion.

¶5 Ms. Baechler did respond to the summary judgment motion with a declaration of Dr. Emily Briggs. She practices veterinary medicine in Oregon. Dr. Briggs explained the generally accepted procedure for treating colic and specifically how she would have treated the horse. She did not offer an opinion on Dr. Smith's treatment. Ms. Baechler also submitted evidence of the complaint she filed against Dr. Smith with the Department of Health Veterinary Board of Governors, including a "Statement of Allegations and Summary of Evidence" issued by the board. The statement alleges that Dr. Smith acted unprofessionally by leaving euthanasia drugs for Ms. Baechler to administer. The record does not include what, if any, disciplinary action the board took.

¶6 The judge refused to continue the hearing because he did not "believe that the depositions of Dr. Smith and Dr.

Beaunaux are going to develop information that's relevant to the issues that I'm going to be addressing today." Report of Proceedings at 34. The court then concluded that Ms. Baechler had failed to show a causal relationship between the horse's death and any malpractice.

## DISCUSSION

### I. MOTION FOR CONTINUANCE

¶7 Ms. Baechler contends that the court erred in denying her motion to continue. She asserts that further discovery would have given her the opportunity to develop evidence to support her claims of outrage and Consumer Protection Act violations. We review a court's refusal to continue argument for abuse of discretion. *Colwell v. Holy Family Hosp.*, 104 Wn. App. 606, 615, 15 P.3d 210 (2001). Ms. Baechler was entitled to a continuance on a showing that

> [s]he cannot, for reasons stated, present by affidavit facts essential to justify [her] opposition, [but] the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

CR 56(f). A court can refuse to continue the proceedings for a number of reasons:

> (1) the requesting party does not offer a good reason for the delay in obtaining the desired evidence; (2) *the requesting party does not state what evidence would be established through the additional discovery*; or (3) the desired evidence will not raise a genuine issue of material fact.

*Turner v. Kohler*, 54 Wn. App. 688, 693, 775 P.2d 474 (1989) (emphasis added).

¶8 It is difficult to conclude that the judge abused his discretion on the record here. Ms. Baechler never filed an affidavit stating that she needed more time to gather facts to oppose the summary judgment motion. And, more impor-

tantly, she did not tell the trial judge nor does she tell us what evidence she expected to develop with additional discovery or how or why it would help. We are then unable to conclude that the judge abused his discretion by denying her motion.

## II. Veterinary Malpractice

¶9  Ms. Baechler argues that her veterinary malpractice claim should not have been dismissed because there were issues of material fact that needed to be resolved. Drs. Smith and Beaunaux maintain that Ms. Baechler failed to make any showing of any breach of their standard of care that proximately resulted in the horse's death. Whether the trial court appropriately granted summary judgment is a question of law that we will review de novo. *Troxell v. Rainier Pub. Sch. Dist. No. 307*, 154 Wn.2d 345, 350, 111 P.3d 1173 (2005).

¶10  We consider the same evidence that the trial court considered on summary judgment. *Lybbert v. Grant County*, 141 Wn.2d 29, 34, 1 P.3d 1124 (2000). We read the facts and all reasonable inferences from those facts in the light most favorable to the nonmoving party. *Id.* If the pleadings, affidavits, depositions, and admissions fail to show a genuine issue of material fact, the moving party is entitled to judgment as a matter of law. *Id.*

¶11  Doctors of veterinary medicine are professionals who, like other professionals, must be properly schooled, pass an examination, and then be licensed. RCW 18.92.035 ("The board shall certify to the secretary the names of all applicants who have successfully passed an examination and are entitled to a license to practice veterinary medicine, surgery and dentistry. The secretary shall thereupon issue a license to practice veterinary medicine, surgery and dentistry to such applicant."), .070 (stating that a person applying to take the examination must show "by official transcripts or other evidence of graduation from a veterinary college satisfactory to and approved by the board").

Veterinary science is a profession, the practice of which includes prescribing or administering drugs and treatments. RCW 18.92.010. It also includes performing operations and manipulating or applying apparatuses or appliances to cure, lessen, or correct animal disease or injury. RCW 18.92.010. In short, veterinarians practice a profession that requires extensive scientific training, clinical experience, and a license from the state before they can practice. Their opinions and the opinions at issue here (diagnosis of disease and its proper management) are then expert opinions and necessarily subject to criticism only by other veterinarians.

¶12 Other states require expert testimony to establish the elements of a veterinary malpractice claim. The Montana Supreme Court concluded that "expert testimony is necessary to establish the applicable standard of care in an action against a veterinarian which arises from the veterinarian's professional capacity" because "[m]atters concerning the standard of care owed by a veterinarian . . . are outside the common experience and knowledge of lay jurors." *Zimmerman v. Robertson*, 259 Mont. 105, 108, 854 P.2d 338 (1993). Similarly, a California court analogized veterinary malpractice to medical malpractice and thus required an expert to establish the standard of care in a veterinary malpractice case. *Williamson v. Prida*, 75 Cal. App. 4th 1417, 1425, 89 Cal. Rptr. 2d 868 (1999). Indeed,

> [t]he gravamen of [a veterinary malpractice] action is that in providing veterinary care, the veterinarian failed to use such reasonable skill, diligence, and attention as might ordinarily have been expected of careful, skillful, and trustworthy persons in the profession. The courts have generally recognized that for the owner of an animal to prevail in such an action, he or she must prove the relevant recognized standard of care exercised by other veterinarians, the defendant veterinarian's departure from that standard when treating the animal, and some injury to the owner proximately caused by that departure.

Cheryl M. Bailey, Annotation, *Veterinarian's Liability for Malpractice*, 71 A.L.R.4TH 811, 816, § 2(a) (1989).

¶13 We review the summary dismissal of a claim of professional negligence de novo. *See Eakins v. Huber*, 154 Wn. App. 592, 598, 225 P.3d 1041 (2010); *Geer v. Tonnon*, 137 Wn. App. 838, 843, 155 P.3d 163 (2007). To make out a prima facie case, the plaintiff must show the standard of care, a breach of that standard of care, and damages that proximately resulted from that breach. *Geer*, 137 Wn. App. at 844. Summary dismissal is required absent a showing of any of these requirements. *Eakins*, 154 Wn. App. at 598. This requires expert opinions.

¶14 Here there is no showing of any breach of the standard of care that contributed to the loss of this animal. The only remote semblance of a professional opinion is the comments by the veterinary board. And its only criticism was that Dr. Smith should not have allowed Ms. Baechler to administer the euthanasia drug. There is no showing that his diagnosis or his recommended treatment (that the horse be put down) was wrong. The trial court then correctly dismissed the suit here. Ms. Baechler does not argue any other basis for her other causes of action (outrage, negligent infliction of emotional distress, Consumer Protection Act) and so they also were properly dismissed since she made no showing of professional malpractice.

¶15 We affirm the summary judgment in favor of Dr. Smith and Dr. Beaunaux and the order denying Ms. Baechler's motion to continue.

KULIK, C.J., and KORSMO, J., concur.